IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.  17-CR-170-A

DAVID NICHOLS,

Defendant.

## PLEA AGREEMENT

The defendant, David Nichols, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 2320(a)(1) (conspiracy to traffic in counterfeit goods), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $2,000,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for

time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. that the defendant conspired to traffic in goods;

   b. that the defendant used a counterfeit mark in connection with the goods;

   c. that the defendant new the mark was counterfeit; and

   d. the defendant acted intentionally.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Beginning in or about August 2015 and continuing to in or about March 2016, the exact dates being unknown, the defendant and Raymond Whelan agreed the defendant would supply Raymond Whelan with counterfeit automobile airbags manufactured in China.

   b. The defendant lived in China and was responsible for locating manufacturers who would manufacture the airbags at the lowest cost. The defendant and co-defendant Whelan knew that the airbags were counterfeit and could not be imported into the United States based on emails received from the Chinese manufactures.

    c. In order to avoid detection during the importation the airbags were mislabeled. Once imported into the United States co-defendant Raymond Whelan would sell the airbags on eBay utilizing the name *Rayscarparts71*. The airbags were listed on eBay as genuine used airbags for Honda, Nissan, Toyota, Mazda, Acura, Subaru, Hyundai and Mitsubishi vehicles.

    d. Multiple undercover purchases were made from *Rayscarparts71* and airbags were seized from Raymond Whelan's business. All the purchased and seized airbags were determined to be counterfeit. The airbags also contained the trademarks of Honda, Mitsubishi, Nissan, Toyota, Mazda, Acura, Subaru and Hyundai which were trademarks registered with the United States Patent and Trademark Office and were used by the above companies during the periods set forth above. Furthermore, none of the above companies authorized the defendant to utilize their trademarks.

    e. The defendant agrees that his relevant conduct involved the importation of approximately 364 counterfeit airbags, and that the manufacturer's retail price of each infringed airbag is approximately $650. Accordingly, the parties agree that the infringement amount was approximately $236,600.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2B5.3(a) applies to the offense of conviction and provides for a base offense level of 8.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristics do apply:

    a.    the 10 level increase pursuant to Guidelines §§ 2B5.3(b)(1)(B) and 2B1.1(b)(1)(F) (infringement amount was more than $150,000).

    b.    the 2 level increase pursuant to Guidelines § 2B5.3(b)(3)(A) (offense involved the manufacture or importation of infringing item).

8.    The government maintains that the following specific offense characteristic does apply:

    a.    the 2 level increase pursuant to Guidelines § 2B5.3(b)(6)(A) (offense involved the conscious or reckless risk of death or serious bodily injury).

The defendant specifically reserves the right at the time of sentencing to argue to the Court that this increase does not apply.

## ADJUSTED OFFENSE LEVEL

9.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 22 or 20.

## ACCEPTANCE OF RESPONSIBILITY

10.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 19 or 17.

## CRIMINAL HISTORY CATEGORY

11. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12 (a). It is the understanding of the government and the defendant that, if the Court determines that Guidelines § 2B5.3(b)(6)(A) does apply, then with a total offense level of 19 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 30 to 37 months, a fine of $10,000 to $2,000,000, and a period of supervised release of 1 to 3 years.

(b) It is the understanding of the government and the defendant that, if the Court determines that Guideline §2B5.3(b)(6)(A) does not apply, then with a total offense level of 17 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 24 to 30 months, a fine of $10,000 to $2,000,000, and a period of supervised release of 1 to 3 years.

(c) Notwithstanding the above, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

13. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

14. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement or recommended by either party and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV.   STATUTE OF LIMITATIONS

15. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

16. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor;

   e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

17. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 16-M-1050.

## VI. RESTITUTION AND FINANCIAL PENALTY PROVISIONS

18. The defendant understands that the Court may require restitution in an amount to be paid to the identifiable victims as part of the sentence, pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663. The defendant understands that

defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

19. The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

21. The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

22. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

23. To the extent that the defendant has an interest in any funds posted as security for the defendant's appearance bond in this case, the defendant authorizes the District Court Clerk to release such funds, which funds shall be applied to satisfy the financial obligations of the defendant pursuant to the judgment of the Court.

## VII.   APPEAL RIGHTS

24.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12(a), above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

25.   The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

26.   The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12(b), above notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX.  TOTAL AGREEMENT AND AFFIRMATIONS

27. This plea agreement represents the total agreement between the defendant, DAVID NICHOLS, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
MICHAEL DIGIACOMO
Assistant United States Attorney

Dated: January 31, 2018

I have read this agreement, which consists of 11 pages, including this page. I have had a full opportunity to discuss this agreement with my attorney, Justin Ginter, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
DAVID NICHOLS
Defendant

Dated: January 31, 2018

_____
JUSTIN GINTER, ESQ.
Attorney for the Defendant

Dated: January 31, 2018